**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0706-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DONG B. LIN, a/k/a DONG
BIAO LIN,

    Defendant-Appellant.

_____

        Submitted on January 31, 2024 – Decided February 16, 2024

        Before Judges Susswein and Vanek.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 10-10-1964.

        Dong B. Lin, appellant pro se.

        Raymond Scott Santiago, Monmouth County Prosecutor, attorney for respondent (Daniel Ian Bornstein, of counsel and on the brief).

PER CURIAM

Defendant Dong B. Lin appeals from an August 17, 2022 order dismissing a second petition for post-conviction relief (PCR) contending his appellate and first PCR counsel rendered ineffective assistance. Judge Richard W. English found defendant's second PCR petition to be procedurally time-barred. Based upon our review of the record and well-settled legal principles governing limitations on filing PCR petitions, we affirm.

The salient facts and procedural history were previously detailed in our decision on defendant's first PCR petition, State v. Lin, No. A-0929-20 (App Div. Dec. 28, 2021) (Lin II). We briefly set forth the facts material to our determination of defendant's second PCR appeal.

On June 16, 2010, defendant and co-defendant, Zeng Liang Chen, broke into the home of a former employer in Freehold armed with a knife and brass knuckles. Upon entering the home, they tied up the male victim with telephone wire. Defendant proceeded to search the home for valuables and subsequently found a female victim upstairs in bed. Defendant then stabbed the female victim repeatedly through her bedding. Upon hearing the male victim yelling downstairs, defendant returned and stabbed him until his knife broke. Defendant then found another knife in the home and used it to continue the attack. Both

2

victims died from multiple stab wounds. Approximately an hour later, police arrested defendant and co-defendant walking nearby.

On January 8, 2014, defendant pled guilty to two counts of first-degree murder, N.J.S.A. 20:11-3(a)(2) (counts two and three), and two counts of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (counts four and five). On May 5, 2015, Judge Anthony J. Mellaci, Jr., imposed the recommended sentence negotiated by the parties: life imprisonment with an eighty-five percent parole bar and five years of parole supervision upon release from incarceration on count two pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and a concurrent sentence of thirty years with no parole and five years of parole supervision upon release from incarceration on count three. Defendant appealed and we affirmed the entry of the judgment of conviction and sentence on April 12, 2018 in State v. Lin, No. A-4559-14 (App. Div. Apr. 12, 2018) (Lin I). On October 24, 2018, the Supreme Court of New Jersey denied defendant's petition for certification. State v. Lin, 235 N.J. 456 (2018).

On December 4, 2018 defendant filed his first PCR petition, alleging that trial counsel was ineffective by misleading him into believing he would get a thirty-year sentence without parole if he pled guilty. Defendant also alleged that his guilty plea was not knowing and voluntary.

3

On March 4, 2020, Judge Paul X. Escandon heard oral argument on defendant's first PCR petition.  On March 9, 2020, Judge Escandon denied that petition in a written decision finding defendant failed to present a prima facie case of ineffective assistance of counsel.  The court found "defendant engaged in colloquy with the [c]ourt indicating that plea counsel explained the consequences of the plea, that he fully understood the plea, and that he was satisfied with plea counsel's representations."  Defendant appealed.

On December 28, 2021, we affirmed Judge Escandon's decision and concluded that defendant failed to set forth a prima facie case of ineffective assistance of counsel.  Lin II, slip op. at 16-17.  In affirming, we determined "[t]he court reasonably exercised its discretion to deny defendant an evidentiary hearing under Rule 3:22-10 because defendant's ineffective assistance claim was resolvable by reference to the plea record."  Ibid.  Defendant and his counsel, with the aid of an interpreter, reviewed the plea together.  Id. at 6.  Defendant confirmed he was pleading guilty "freely and voluntarily."  Ibid.  On May 3, 2022, the Court denied defendant's petition for certification.  State v. Lin, 250 N.J. 503 (2022).

On July 1, 2022, defendant filed the second PCR petition which is the subject of this appeal.  On August 17, 2022, Judge English dismissed the second

4

PCR petition pursuant to Rule 3:22-12(a)(2) and (3). Judge English entered an order stating that since defendant's first PCR petition was denied by the court on March 9, 2020, defendant's second petition was time-barred under Rule 3:22-12(a)(3), because it was not filed within 90 days of the date of the December 28, 2021 judgment on direct appeal. Judge English also found that defendant's PCR petition was untimely pursuant to Rule 3:22-12(a)(2), which required the second PCR petition to be filed within one year of the March 9, 2020 denial of the first petition. This appeal followed.

Defendant raises the following arguments for our consideration:

POINT I

THE PCR COURT ERRED IN DENYING DEFENDANT'S SECOND PETITION FOR POST-CONVICTION RELIEF AS TIME BARRED AND THE MATTER MUST BE REMANDED FOR FURTHER PROCEEDINGS.

POINT II

PETITIONER HAS ESTABLISHED A PRIMA FACIE SHOWING SUFFICIENT TO WARRANT THE ORDER OF AN EVIDENTIARY HEARING. State v. Preciose, 129 N.J 451 (1992); Rule 3:22-10.

POINT III

PETITIONER IS NOT PROCEDURALLY (OR OTHERWISE) BARRED FROM RAISING THE CLAIMS ADVANCED HEREIN.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard also applies to mixed questions of law and fact. Id. at 420. Where an evidentiary hearing has not been held, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

PCR "is New Jersey's analogue to the federal writ of habeas corpus." State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). It is the vehicle through which a defendant may, after conviction and sentencing, challenge a judgment of conviction by raising issues that could not have been raised on direct appeal and, therefore, "ensures that a defendant was not unjustly convicted." State v. McQuaid, 147 N.J. 464, 482 (1997).

To establish a prima facie case of ineffective assistance of counsel, defendant must satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show . . . . counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Defendant must then show counsel's "deficient

6

performance prejudiced the defense." Ibid. To show prejudice, defendant must establish by "a reasonable probability" that the deficient performance "materially contributed to defendant's conviction . . . ." Id. at 58.

We need not address whether defendant's second PCR petition meets the Strickland standard as we affirm Judge English's determination that defendant's petition is time-barred under Rule 3:22-12(a)(2) and (3).

The rules governing PCR petitions are set forth in Rule 3:22. Second or subsequent PCR petitions must comply with the requirements of Rule 3:22-4(b) and Rule 3:22-12(a)(2). Rule 3:22-12(a)(3) requires a PCR petition to be filed within ninety days of the date judgment is entered on direct appeal. To avoid dismissal of a second—or subsequent—PCR petition, the petition must be timely filed under Rule 3:22-12(a)(2). R. 3:22-4(b)(1). Rule 3:22-4(b) contains no exceptions to the time-bar for second or subsequent PCR petitions. Rule 3:22-12(a)(2)(C) specifically provides "no second or subsequent petition shall be filed more than one year after . . . the date of the denial of the first . . . application for [PCR]" based on ineffective assistance of counsel.

Defendant was required to file the second PCR petition before us within one year of March 9, 2020, the date his first PCR petition was denied. However, he did not file his second PCR petition until July 1, 2022, and, therefore, it is

time-barred under Rule 3:22-12(a)(2)(C). The second petition could also be deemed untimely under Rule 3:22-12(a)(3), because it was not filed within ninety days of the date of the December 28, 2021 judgment on direct appeal.

Because defendant's second PCR petition was not filed in accordance with the time limitations proscribed under Rule 3:22-12(a)(2) and (3), dismissal was mandatory. Therefore, we do not reach the substantive merits of the second PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0706-22